**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Child One and Child Two, minors under the Age of Fourteen, by their Guardian ad Litem, Joseph Johnson, Sr., Appellants,

v.

South Carolina Department of Social Services, Respondent.

Appellate Case No. 2013-000865

———————————

Appeal From Florence County
Thomas A. Russo, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-125
Heard February 20, 2014 – Filed March 19, 2014

———————————

**AFFIRMED**

———————————

Michael T. Miller, of Wukela Law Firm, of Florence, for Appellants.

Joseph P. McLean, of Clarke, Johnson, Peterson & McLean, P.A., of Florence, for Respondent.

———————————

**PER CURIAM:** Appellants appeal the circuit court's order granting summary judgment to the South Carolina Department of Social Services (DSS) in this negligence action. We affirm.

1. We find the record does not establish DSS owed Appellants a duty to warn or control the assailant's conduct. *See Rayfield v. S.C. Dep't of Corr.*, 297 S.C. 95, 106, 374 S.E.2d 910, 916 (Ct. App. 1988) ("The burden is on the plaintiff to establish a duty of care owed to him."); *Park Regency, LLC v. R&D Dev. of the Carolinas, LLC*, 402 S.C. 401, 419, 741 S.E.2d 528, 537 (Ct. App. 2012) ("The burden of presenting a record sufficient to allow appellate review lies with the appellant."); *Faile v. S.C. Dep't of Juvenile Justice*, 350 S.C. 315, 334, 566 S.E.2d 536, 546 (2002) ("Under South Carolina law, there is no general duty to control the conduct of another or to warn a third person or potential victim of danger."); *id.* (noting five recognized exceptions to this rule including when the defendant has a special relationship to the injurer and when the defendant negligently or intentionally creates the risk); *Doe v. Marion*, 373 S.C. 390, 401, 645 S.E.2d 245, 251 (2007) ("[I]t is not simply foreseeabilility of the victim which gives rise to a person's liability for failure to warn; rather, it is the person's awareness of a distinct, specific, overt threat of harm . . . ." (quoting *Gilmer v. Martin*, 323 S.C. 154, 157, 473 S.E.2d 812, 814 (Ct. App. 1996) )). Based on the record presented, we cannot conclude references to remote and generalized acts of sexual misconduct by the assailant presented a threat of harm specific enough to create a duty to warn or that the failure to warn negligently created a risk of harm to Appellants.

2. With respect to whether DSS was negligent in conducting its investigation and making a recommendation for placement, we conclude the limited record before us does not present any evidence to overcome summary judgment in DSS's favor. *See Snow v. City of Columbia*, 305 S.C. 544, 555 n.7, 409 S.E.2d 797, 803 n.7 (Ct. App. 1991) ("In an action for negligence, the plaintiff must prove by direct or circumstantial evidence that the defendant did not exercise reasonable care. South Carolina's rejection of *res ipsa loquitur* is consistent with its general adherence to fault based liability in tort."). While the injury in this case is apparent and tragic, the record does not contain a scintilla of direct or circumstantial

evidence that DSS was negligent in conducting its investigation or recommending placement of the assailant.[1]

**AFFIRMED.**

**WILLIAMS, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decline to address Appellants' remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).